UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREEM H. CULBRETH,

                        Plaintiff,

-against-

ORANGE COUNTY JAIL; DANIEL CAPPELI; JOSEPH CAPPELI; JOHN DOE,

                        Defendants.

24-CV-0075 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

      Plaintiff, who currently is incarcerated at Orange County Jail and proceeds *pro se*, brings this action under 42 U.S.C. § 1983. He asserts claims arising from the use of excessive force against him on an unspecified date. By order dated February 7, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

### DISCUSSION

**A.    Orange County Jail**

      Plaintiff's claims against the Orange County Jail (OCJ) must be dismissed because, under New York law, it is not an entity that has the capacity to be sued. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

In light of Plaintiff's *pro se* status and clear intention to assert claims against Orange County, the Court construes the Complaint as asserting claims against Orange County and directs the Clerk of Court to amend the caption of this action to replace OCJ with Orange County. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Orange County may wish to assert.

**B.      Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Daniel Cappeli, Joseph Cappeli, and Orange County through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.[3]

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the Complaint is filed, Plaintiff is proceeding IFP and could not affect service until the Court reviewed the Complaint and ordered that summonses issue. The Court therefore extends the time to serve until 90 days after the date summonses issue.

[3] Plaintiff has not pleaded any facts about Defendant John Doe in the body of the Complaint, or supplied the date of the incident giving rise to his claims. The Court therefore declines to direct Defendants, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), to attempt to identify this defendant because, at this stage, Plaintiff has not pleaded facts stating a claim against Defendant John Doe and there is insufficient information to identify any John Doe defendant.

If the Complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

C.  **Automatic Discovery**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[4]

## CONCLUSION

The Court dismisses Plaintiff's claims against Orange County Jail because it lacks the capacity to be sued and directs the Clerk of Court to add as a defendant, under Rule 21 of the Federal Rules of Civil Procedure, Orange County. The Court notifies the parties that Local Civil Rule 33.2 applies to this action.

The Clerk of Court is further instructed to issue summonses for Defendants Daniel Cappeli, Joseph Cappeli, and Orange County, complete the USM-285 forms with the addresses

---

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

for these defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is also directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 9, 2024
       White Plains, New York

                                                   KENNETH M. KARAS
                                              United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Daniel Cappeli
   Orange County Jail
   110 Wells Farm Road
   Goshen, NY 10924

2. Joseph Cappeli
   Orange County Jail
   110 Wells Farm Road
   Goshen, NY 10924

3. Orange County
   Office of the Orange County Attorney
   Orange County Government Center
   255 Main Street
   Goshen, NY 10924