UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KAREEM H. CULBRETH,

                 Plaintiff,

  v.

ORANGE COUNTY JAIL, et al.,

                 Defendants.

24-CV-75 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

Plaintiff Kareem H. Culbreth ("Plaintiff") brings this Action pursuant to 42 U.S.C. § 1983, alleging that Defendants Daniel Cappeli and Joseph Cappeli (together, "Defendants") violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments. (*See generally* Compl. (Dkt. No. 1).)[1] Plaintiff is proceeding in forma pauperis ("IFP"). (*See* Dkt. No. 7.) Before the Court is Plaintiff's Application for appointment of pro bono counsel. (*See* Pl's Application for Appointment of Counsel ("Application") (Dkt. No. 12).)

In his Application, Plaintiff claims that he "cannot afford an attorney at this time[.]" (*Id.* at 1.) In addition, Plaintiff asserts that he has had his boyfriend research free attorneys on Google and that Plaintiff himself has used "[L]exis [N]exis . . . to read up on free lawyers." (*Id.* at 8.) However, Plaintiff's Application does not include details of what the research on Google and Lexis Nexis revealed. (*See generally id.*) For the following reasons, Plaintiff's Application is denied without prejudice.

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road

---

[1] Orange County Jail, previously a Defendant in this Action, was terminated pursuant to this Court's Order on February 9, 2024. (*See* Dkt. No. 9.)

discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). "When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry." *Shelby v. Petreucci*, No. 23-CV-4315, 2023 WL 6623180, at *1 (S.D.N.Y. Oct. 11, 2023) (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003)). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Ferrelli*, 323 F.3d at 203 (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted); *see also Akinlawon v. Polonco*, No. 21-CV-2621, 2023 WL 8772672, at *1 (S.D.N.Y. Dec. 19, 2023) (same). In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Rosa v. Pathstone Corp.*, No. 23-CV-1071, 2023 WL 8778236, at *1 (S.D.N.Y. Dec. 19, 2023); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as defendant's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors); *Krivak v. Putnam County.*, No. 23-CV-6960, 2023 WL 6466467, at *1 (S.D.N.Y. Oct. 4, 2023) (same).

"Additionally, the Second Circuit has interpreted 28 U.S.C. § 1915(e)(1) to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Aguiree v. Rising Ground*, No. 23-CV-3986, 2023 WL 4187385, at *1 (S.D.N.Y. June 26, 2023) (alteration adopted) (quoting *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61)); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A [defendant] requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Here, Plaintiff does not explain whether he has sought to obtain counsel in this matter before asking the Court to appoint counsel. Rather, Plaintiff simply states that he and his boyfriend did research for free attorneys, without any explanation regarding the results of their research. (*See* Application at 8.) Because Plaintiff has not demonstrated that he has made an effort to engage counsel, his Application must be denied. *See Akinlawon*, 2023 WL 8772672, at *2 (holding that plaintiff's request for counsel must be denied because plaintiff failed to demonstrated that he attempted to attain counsel prior to filing his request); *Walsh v. Buchanan*, No. 11-CV-1206, 2013 WL 145041, at *3 (D. Conn. Jan. 11, 2013) ("The possibility that the plaintiff may be able to secure legal assistance or representation independently precludes

appointment of counsel by the court at this time."); *Anderson v. Romano*, No. 08-CV-559, 2009 WL 702818, at *1 (S.D.N.Y. Mar. 13, 2009) (denying the plaintiff's request for appointment of counsel because the plaintiff "ha[d] not indicated to the [c]ourt . . . that he made any effort to engage counsel prior to making the . . . application"); *accord Gayot*, 2023 WL 6199226, at *4 (denying a request for the appointment of pro bono counsel, in part, because the incarcerated plaintiff had failed to explain in his application whether he had sought to obtain counsel).

Moreover, even assuming arguendo that Plaintiff's research for free attorneys sufficiently demonstrates his efforts to engage counsel—which, to be clear it does not—and assuming the Complaint has "some likelihood of merit," *Johnston*, 606 F.3d at 41, such that it satisfies the threshold requirement under *Hodge*—the Court finds that "Plaintiff has not demonstrated why counsel should be appointed to represent him in light of the second inquiry under *Hodge* concerning prudential factors," *Akinlawon*, 2023 WL 8772672, at *2 (citing *Ferrelli*, 323 F.3d at 203–04). As an initial matter, a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel." *Tramun v. Ocasio*, No. 11-CV-6061, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012); *accord Aguiree*, 2023 WL 4187385, at *2; *see also West v. Brickman*, No. 07-CV-7260, 2008 WL 330373, at *2 (S.D.N.Y. Aug. 6, 2008) (noting that a "lack of knowledge in civil law" does not justify a request for counsel (alteration omitted)). Furthermore, Plaintiff has "not indicated . . . what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiff's] ability to substantiate [her] claim[s]." *Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at *1 (S.D.N.Y. Apr. 9, 1999); *see also Rosa*, 2023 WL 8778236, at *3 (same).

Moreover, the Court notes that Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of*

*New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013); *see also Gayot*, 2023 WL 6199226, at *3 (same). Indeed, Plaintiff's "complaint articulates a clear and concise statement of the facts, demonstrating his ability to present his case." *Samet v. Dodrill*, No. 05-CV-8795, 2006 WL 278176, at *2 (S.D.N.Y. Feb. 3, 2006); *see also Jackson v. Stewart*, No. 22-CV-7476, 2023 WL 2919036, at *3 (S.D.N.Y. Apr. 12, 2023) (same). Plaintiff's claim is largely based on the retelling of events that happened to him and "do[es] not appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *Gibson v. Mount Vernon Montefiore Hosp. Exec. Dir.*, No. 22-CV-4213, 2022 WL 17325612, at *3 (S.D.N.Y. Nov. 29, 2022) (same). Additionally, Plaintiff has demonstrated his ability to present the case himself through his submissions in the instant Action, which adequately express his arguments and desired forms of relief. *See Harrison v. N.Y.C. Admin. for Children's Servs.*, No. 02-CV-947, 2002 WL 2022871, at *1 (S.D.N.Y. Sept. 3, 2002) (noting that the plaintiff was "capable of presenting her own case" where, "[i]n submissions to the court, she . . . demonstrated an ability to make arguments and draft pleadings"); *see also Gayot*, 2023 WL 6199226, at *3 (same).

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (quotation marks omitted), Plaintiff has not provided the Court with any grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the foregoing reasons, and mindful that "[v]olunteer lawyer time is a precious commodity," *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), Plaintiff's

Application is denied without prejudice. Plaintiff may renew his request and provide the Court with additional information regarding any changed circumstances that would support a renewed application.

The Clerk of Court is respectfully directed to terminate the pending Application, (*see* Dkt. No. 12), and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: March 19, 2023
       White Plains, New York

KENNETH M. KARAS
United States District Judge