UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KAREEM CULBRETH,

                    Plaintiff,

        v.

DANIEL CAPPELI, *et al.*,

                    Defendants.

No. 24-CV-00075 (KMK)

<u>OPINION & ORDER</u>

---

<u>Appearances</u>:

Kareem H. Culbreth
Marcy, NY
*Pro se Plaintiff*

Lia Elizabeth Fierro, Esq.
Orange County Attorney's Office
Goshen, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

      Kareem Culbreth ("Plaintiff") brings this claim against Orange County and two corrections officers ("Defendants") at the Orange County Correctional Facility, alleging the officers used excessive force against him during a search of his cell on October 7, 2023.  Before the Court is Defendants' Motion for Summary Judgment.  Because, considering facts Plaintiff has admitted, no reasonable juror could find he administratively exhausted his claim, the Court grants Defendants' Motion.

I.  Background

A.  Factual Background[1]

From September 28, 2023 to October 11, 2023, Plaintiff was a pretrial detainee at the Orange County Correctional Facility.  (Defendants' Rule 56.1 Statement ¶¶ 1, 3 ("Def. 56.1") (Dkt. No. 63).)  Plaintiff was housed in the B-4 Housing Unit.  (*Id.* ¶ 4.)

On October 7, 2023, at 2:31 PM, the two officers at the facility who are defendants in this case (the "Officers") searched Plaintiff's cell after another inmate in his unit was found with contraband.  (*Id.* ¶¶ 6–9.)  The Officers "remained in [P]laintiff's cell for approximately 40 seconds" during their portion of the search, then led Plaintiff out of the cell.  (*Id.* ¶ 10–14.)  Plaintiff testified at his deposition—and Defendants dispute—that during these 40 seconds, the Officers assaulted him and liberally used pepper spray.  (Fierro Decl. Ex. 4, at 9–10 ("Pl. Dep.") (Dkt. No. 64).)   While Plaintiff testified that his "shirt was bloody" and he "sp[a]t blood on the floor" as he was walking out of his cell, and that his "eyes [were] clenched from the spray," security camera footage (the authenticity of which Plaintiff has not disputed) does not support those claims.  (Pl. Dep. 9–10; *see also* Def. 56.1 ¶¶ 12–14.)

As Plaintiff and the Officers left his cell, a K9 officer walked in with a dog and closed the door behind her, remaining in the cell for two minutes.  (Def. 56.1 ¶¶ 15–16.)  Lieutenant

---

[1] Although Plaintiff received a notice advising him that under Fed. R. Civ. P. 56 and this Court's Local Rules, failing to respond to Defendants' asserted undisputed facts at the summary judgment stage could result in those facts being deemed admitted, (*see* Dkt. No. 65 ("If you do not respond to the motion . . . contradicting the facts asserted by the Defendants, the Court may accept Defendants' facts as true.")), he did not respond to Defendants' 56.1 statement, nor did he respond to the Motion.  The facts in Defendants' Rule 56.1 Statement will therefore be deemed admitted.  *See Baity v. Kralik*, 51 F. Supp. 3d 414, 418 (S.D.N.Y. 2014) ("If the opposing party . . . fails to controvert a fact set forth in the movant's Rule 56.1 Statement, that fact will be deemed admitted pursuant to the local rule." (quotation marks and citation omitted)); *Wali v. One Source Co.*, 678 F. Supp. 2d 170, 178 (S.D.N.Y. 2009) ("*Pro se* litigants are . . . not excused from meeting the requirements of Local Rule 56.1[.]").

Nicholas Gessner of the Orange County Sheriff's Office affirmed that the K9 officer and her dog "could not have remained in the cell" if that spray had, in fact, been deployed, and that Plaintiff would have residue thereof on him, which the security footage reflects he did not. (*Id.* ¶ 17.) The Officers strip-searched Plaintiff and returned him to the lower floor of his unit at 2:34 PM to sit and wait for the search of his cell to conclude, which it did a minute later. (*Id.* ¶ 18–20.) Lieutenant Gessner, at the time a sergeant, then briefly spoke with Plaintiff before "removing his restraints," and Plaintiff returned to his cell. (*Id.* ¶¶ 20–21.)

Although Plaintiff testified during his deposition that he recalled having filed a grievance, (Pl. Dep. 11), he does not dispute Defendants' proffered facts to the contrary. (*See* Def. 56.1 ¶ 38 ("Plaintiff did not file a grievance in connection with the incidents in question."); *see also* Weed Aff. ¶ 18 (Dkt. No. 61) ("None of the grievances filed by [P]laintiff related, in any way, to the incident alleged to have occurred on October 7, 2023. In other words, [P]laintiff never filed a grievance regarding the incident in question."); *id.* ¶ 14 ("From a review of the foregoing records[, including the facility's Grievance Logbook] . . . [P]laintiff neither obtained a grievance form, nor filed any grievance, during [the relevant] time frame.").)

B. Procedural History

Plaintiff filed his Complaint on January 2, 2024. (Dkt. No. 1.) The Court allowed him to proceed *in forma pauperis* on February 7, 2024. (Dkt. No. 7.) The Court dismissed Plaintiff's claims against Orange County Correctional Facility and ordered service on the remaining Defendants on February 9, 2024. (Dkt. No. 9.) Defendants answered on April 26, 2024. (Dkt. No. 21.) Defendants moved to dismiss during the discovery process, (Dkt. No. 43), which the Court denied as moot once Plaintiff confirmed he had produced all documents available to him, (Dkt. No. 48.) After discovery closed, Defendants moved for summary judgment. (Dkt. No.

59.)  Although all documents associated with the Motion, including the required Rule 56 notice to *pro se* litigants, were mailed to Plaintiff, (*see* Dkt. No. 65), Plaintiff did not respond within the deadline set in the Court's briefing schedule, (Dkt. No. 58), and has not responded since.

## II.  Discussion

### A.  Standard of Review

Summary judgment is appropriate where the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (same); *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 123–24 (2d Cir. 2014) (same).  "In deciding whether to award summary judgment, the court must construe the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Torcivia v. Suffolk Cnty.*, 17 F.4th 342, 354 (2d Cir. 2021); *see also Horror Inc. v. Miller*, 15 F.4th 232, 240 (2d Cir. 2021) (same).  "It is the movant's burden to show that no genuine factual dispute exists." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004); *see also Red Pocket, Inc. v. Interactive Commc'ns Int'l, Inc.*, No. 17-CV-5670, 2020 WL 838279, at *4 (S.D.N.Y. Feb. 20, 2020) (same).

"However, when the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the non[-]movant's claim," in which case "the non[-]moving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *CILP Assocs., L.P. v. Pricewaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (alteration adopted, citation and quotation marks omitted).  Further, "[t]o survive a [summary judgment] motion . . . , [a non-movant] need[s] to create more than a

'metaphysical' possibility that his allegations were correct; he need[s] to 'come forward with specific facts showing that there is a genuine issue for trial,'" *Wrobel v. Cnty. of Erie*, 692 F.3d 22, 30 (2d Cir. 2012) (emphasis omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)), "and cannot rely on the mere allegations or denials contained in the pleadings," *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 322 (S.D.N.Y. 2014) (quotation marks omitted); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) ("When a motion for summary judgment is properly supported by documents or other evidentiary materials, the party opposing summary judgment may not merely rest on the allegations or denials of his pleading . . . .").

"On a motion for summary judgment, a fact is material if it might affect the outcome of the suit under the governing law." *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene*, 746 F.3d 538, 544 (2d Cir. 2014) (quotation marks omitted). At this stage, "[t]he role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (citation omitted). Thus, a court's goal should be "to isolate and dispose of factually unsupported claims." *Geneva Pharms. Tech. Corp. v. Barr Laby's. Inc.*, 386 F.3d 485, 495 (2d Cir. 2004) (quoting *Celotex*, 477 U.S. at 323–24).

When ruling on a motion for summary judgment, a district court should consider only evidence that would be admissible at trial. *See Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998). "[W]here a party relies on affidavits or deposition testimony to establish facts, the statements 'must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.'" *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) (quoting Fed. R. Civ. P.

56(c)(4)); *see also Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988) ("Rule 56 requires a motion for summary judgment to be supported with affidavits based on personal knowledge . . . ."); *Baity v. Kralik*, 51 F. Supp. 3d 414, 419–21 (S.D.N.Y. 2014) (disregarding "statements not based on [the] [p]laintiff's personal knowledge"); *Flaherty v. Filardi*, No. 03-CV-2167, 2007 WL 163112, at \*5 (S.D.N.Y. Jan. 24, 2007) ("The test for admissibility is whether a reasonable trier of fact could believe the witness had personal knowledge." (citation omitted)).

### B.  Analysis

Because Plaintiff brought this suit while in custody at the Orange County Correctional Facility, and his suit is "with respect to prison conditions under [§] 1983," 42 U.S.C. § 1997e(a), it is subject to the Prison Litigation Reform Act's ("PLRA") exhaustion requirements.  *See Davis v. Barrett*, 576 F.3d 129, 132 (2d Cir. 2009) ("The Supreme Court has stated that the phrase 'prison conditions' in the PLRA refers to 'all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)); *see also United States v. Al-Marri*, 239 F. Supp. 2d 366, 367 n.1 (S.D.N.Y. 2002) (explaining that courts in the Second Circuit have held the PLRA applies to pretrial detainees).  The PLRA requires "that inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit." *Jones v. Bock*, 549 U.S. 199, 204 (2007).  This requirement "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court," and "has the potential to . . . improve the quality of suits that are filed by producing a useful administrative record." *Id.*  Accordingly, "[t]he threshold issue here is

6

whether [Plaintiff] properly exhausted his administrative remedies as required by the PLRA." *Shaw v. City of New York*, No. 08-CV-3997, 2009 WL 1110789, at *3 (S.D.N.Y. Apr. 21, 2009).

Here, "the record taken as a whole could not lead a rational trier of fact to find" Plaintiff exhausted his administrative remedies, so "there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586–87. Plaintiff testified at his deposition that he asked an overnight officer whose identity he did not know for a grievance form, completed the form, then left it in a box for grievances sometime "between the 7th and 11th" of October. (Pl. Dep. 12.) But this testimony is insufficient to create a genuine issue of material fact because it is "contradicted by the overwhelming weight of the evidence" on the rest of the record—including facts Plaintiff has admitted by failing to controvert Defendants' papers at the summary judgment stage, notwithstanding Defendants' notice to him. *Hart v. New York Univ. Hosps. Ctr.*, No. 09-CV-5159, 2011 WL 4755368, at *8 (S.D.N.Y. Oct. 7, 2011).

For example, the affidavit of Sergeant Jesse Weed, Orange County Correctional Facility's Grievance Coordinator, states that while Plaintiff filed a number of grievances, Weed could identify none that "related, in any way, to the incident alleged to have occurred on October 7, 2023." (Weed Aff. ¶ 18; Def. 56.1 ¶ 38 (citing Weed Aff. ¶ 18 in concluding "Plaintiff did not file a grievance in connection with the incidents in question," which Plaintiff has admitted by his failure to respond to Defendants' Rule 56.1 Statement).) Defendants also attach the entries in the Grievance Logbook corresponding to the range of dates Plaintiff identified as those in which he may have submitted a grievance, and no entry in the logbook carries Plaintiff's name. (*See* Fierro Decl., Ex. I, at 2.) Plaintiff has not contested the authenticity of the logbook, in which, per "OCCF policy," the officers issuing grievance forms must "promptly log" all grievance forms that are issued. (Weed Aff. ¶ 7.)

7

Therefore, "plaintiff's testimony is not enough to raise a genuine dispute as to any material fact" concerning whether he properly underwent the grievance process at Orange County Correctional Facility for this particular incident. *Fordham v. Islip Union Free Sch. Dist.*, No. 08-CV-2310, 2012 WL 3307494, at *7 n.6 (E.D.N.Y. Aug. 13, 2012); *see also Argus Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 45 (2d Cir. 1986) ("Such testimony, unsupported by documentary or other concrete evidence . . . is simply not enough to create a genuine issue of fact in light of the evidence to the contrary."). Accordingly, considering both the weight of the record to the contrary and the facts Plaintiff admitted at this stage, the Court must find Plaintiff did not exhaust his administrative remedies and grants Defendants' motion. *See Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 178 (2d Cir. 2006) (affirming summary judgment for defendants where inmate did not exhaust his administrative remedies under the PLRA).

### III.  Conclusion

The Court grants Defendants' motion for summary judgment. The Clerk of Court is respectfully directed to terminate the pending motion (Dkt. No. 59), enter judgment for Defendants, and close this case.

SO ORDERED.

DATED:     March 5, 2026
           White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

8